UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GUY RICHARD GAMBLE,

    Petitioner,

-vs-                                                  Case No.    5:04-cv-405-Oc-10GRJ

JAMES V. CROSBY, JR.,Secretary,
Florida Department of Corrections, and
CHARLIE CRIST, Attorney General,
State of Florida,

    Respondents.
_____/

## OPINION

This is a capital habeas proceeding brought under 28 USC § 2254 by a state prisoner who has been sentenced to death. The petition was timely filed and venue in this Court is appropriate because the Petitioner was tried and sentenced in Lake County, Florida, within this Division of the Middle District of Florida.

Upon due consideration of each of the Petitioner's claims the Court has determined that none have any merit and that the Petition should be Denied.

## Background and Facts

The Supreme Court of Florida succinctly stated the facts of Gamble's crimes as follows (Gamble v. State, 659 So.2d 242, 244 (Fla. 1995):

> On December 10, 1991, Guy R. Gamble and Michael Love murdered their landlord, Helmut Kuehl, by striking him several times in the head with a claw hammer and choking him with a cord. Gamble and Love also stole their victim's car and wallet. Within the wallet was a blank check which

>  Gamble forged and cashed in the amount of $8,544.  After cashing the check the men, accompanied by their girlfriends, drove to Mississippi in the stolen car.  Gamble subsequently abandoned the group, but was later arrested.  The jury found Gamble guilty of conspiracy to commit armed robbery, armed robbery, and murder in the first degree and recommended the death sentence by a ten-to-two vote.

The state trial court followed the recommendation of the jury and imposed the death sentence.  The conviction and sentence of death were affirmed on direct appeal.  Id.  Certiorari was denied by the Supreme Court of the United States.  Gamble v. Florida, 516 U.S. 1122, 116 S.Ct. 933 (1996).  Gamble then instituted collateral post conviction proceedings in the state court of Florida under Rule 3.850, Florida Rules of Criminal Procedure.  All relief was denied, and that denial was affirmed on appeal.  Gamble v. State, 877 So.2d 706 (Fla. 2004).  The petition in this Court was then filed on September 8, 2004.

The petition alleges twelve separate claims.  Each will be considered in turn.  The ultimate issue with respect to each claim is whether the Florida Supreme Court's resolution of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States."  28 USC § 2254(d).  Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1945 (2000); Robinson v. Moore, 300 F.3d 1320 (11th Cir. 2002); Van Poyck v. Florida Department of Corrections, 290 F.3d 1318 (11th Cir. 2002).  The standard the Petitioner must meet could not be higher; it is not enough that the state courts got it wrong.  It must be shown that the result was objectively unreasonable.  Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850 (2002) (citing Williams v. Taylor, supra).

No evidentiary hearing is required because none of the Petitioner's claims turns upon any unresolved issue of fact; all involve issues of law argued on the basis of the existing record.[1]

### CLAIM ONE

PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS.

This is a strained if not a frivolous claim that <u>if</u> the state trial judge had held a hearing under <u>Faretta v. California</u>, 422 U.S. 806, 95 S.Ct. 2525 (1975),[2] the Petitioner <u>might</u> have elected to represent himself, and his appellate counsel was ineffective for not raising this point on Petitioner's direct appeal.

Before Petitioner's trial began, his appointed counsel - - the public defender - - asked Petitioner to sign a written waiver of any conflict of interest the public defender might have because of certain personal relationships between persons in his office and persons in the prosecutor's office. The Petitioner refused to sign the waiver. The state trial judge made a personal inquiry of the Petitioner on the record and determined that the Petitioner did not perceive that a conflict existed and did not distrust his lawyer; he simply refused to sign the waiver because he did not understand why the waiver was presented to him in the first place. After further discussion, the trial judge concluded that no conflict existed in fact, and the trial

---

[1] The state trial court conducted an evidentiary hearing. Its findings are "presumed to be correct" (28 USC § 2254(e)(1)) and there is no showing that its decision "was based on an unreasonable determination of the facts . . ." (28 USC § 2254(d)(2)).

[2] <u>Faretta</u> dealt with a criminal defendant's right to self-representation.

3

continued without further objection by the Petitioner and without any request by him that he wanted to represent himself.

The Supreme Court of Florida expressly dealt with this claim holding that because the Petitioner never requested to represent himself there was no requirement for a Faretta hearing, and since there was no trial error on this point, appellate counsel could not be faulted for not pressing the issue on appeal. Gamble v. State, 877 So.2d 706, 718 (Fla. 2004).

The Petitioner fails to cite any decision of the United States Supreme Court, or any federal decisional law, demonstrating that the opinion of the Florida Supreme Court denying this claim was "contrary to or involved an unreasonable application of, clearly established federal law . . . " 28 USC § 2254(d). Claim One has no merit.

## CLAIM TWO

> UNDER APPRENDI AND RING THE FLORIDA DEATH SENTENCING STATUTES ARE UNCONSTITUTIONAL UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS.

This claim is now foreclosed by Schiro v. Summerllin, ____ U.S. ____, 124 S.Ct. 2519 (2004) holding that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428 (2002) is not retroactively applicable to cases on collateral review. The judgment in Petitioner's case became final in 1996 when the Supreme Court of the United States denied certiorari in Petitioner's proceedings on direct appeal. Gamble v. Florida, 516 U.S. 1122, 116 S.Ct. 933 (1996).

> Moreover, in this case the defendant was found guilty by the jury of both first-degree murder and the felony of armed robbery. Thus, there was a statutory aggravator proven to

4

>   the jury beyond a reasonable doubt.  Therefore, Gamble's sentence is not invalid under Apprendi and Ring.

Gamble v. State, supra  877 So.2d at 719.

The Supreme Court of Florida got it right.  There is no showing that the decision of that court was "contrary to, or involved an unreasonable application of, clearly established federal law . . . "  28 USC § 2254(d).  Claim Two has no merit.

### CLAIM THREE

>   PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILING TO RAISE ON DIRECT APPEAL THE ISSUE THAT TRIAL COUNSEL'S SEVERANCE DECISION PREVENTED THE JURY FROM LEARNING OF THE CO-DEFENDANT'S CULPABILITY AND DISPARATE SENTENCE.

Before Petitioner's trial his lawyer moved for, and received, a severance from the case of co-defendant Michael Love.  Love pled guilty and received a life sentence pursuant to a plea bargain made after Petitioner's penalty phase trial.  Yet the Petitioner now claims that his appellate counsel was somehow deficient in not raising the severance as an issue on appeal because it prevented the Petitioner's jury from learning of Love's more lenient sentence.  This is a classic non sequitur; how could the jury be informed - - severance or no severance - - of a sentence not yet imposed? He also claims, however, that but for the severance the jury would have been informed of Love's greater culpability in the crime.  But this is also a non sequitur because the Petitioner does not explain how the severance prevented him from presenting to the jury whatever evidence he might have presented in a joint trial concerning Love's greater culpability.  The claims are further diluted by the fact that

5

the severance is not presented as a prejudicial error of trial counsel, but an error of appellate counsel on direct appeal predicated upon a record making the claims wholly speculative in nature.

The State also points out, correctly, that the precise contentions made in this Court were never presented to the Florida Supreme Court and are now procedurally barred. Rather, the argument made before the Florida Supreme Court was that appellate counsel should have contended that Petitioner's sentence was disproportionate. See Gamble v. State, supra, 877 So.2d at 719-720.

Finally, the Petitioner has simply failed to demonstrate that the ruling of the Supreme Court of Florida (on the issue as presented to it) was "contrary to, or involved an unreasonable application of, clearly established federal law . . ." 28 USC § 2254(d). Claim Three has no merit.

## **CLAIM FOUR**

> THE PETITIONER'S EIGHTH AMENDMENT RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT WILL BE VIOLATED AS HE MAY BE INCOMPETENT AT TIME OF EXECUTION.

This claim, on its face, is both speculative and premature; and it was correctly dismissed on that basis by the Supreme Court of Florida. See Gamble v. State, supra, 877 So.2d at 720. At the time a death warrant is signed by the Governor of Florida, if the Petitioner is then incompetent, and if he exhausts his state law remedies without success, and if he persuades the Eleventh Circuit Court of Appeals that the claim justifies a successive § 2254 petition in this Court, he will be entitled to have the claim heard here. Presently, Claim Four has no merit.

## **CLAIM FIVE**

THE STATE EVIDENTIARY COURT ERRED WHEN IT DENIED WITHOUT AN EVIDENTIARY HEARING THE PETITIONER'S RULE 3.850 CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE AND PREJUDICIALLY DEFICIENT IN FAILING TO CHALLENGE THE UNCONSTITUTIONALLY VAGUE "COLD, CALCULATED AND PREMEDITATED" AGGRAVATOR.

The State points out, correctly, that there is no established constitutional right to an evidentiary hearing in every state court post-conviction collateral proceeding. The claim, as worded, thus fails for that reason alone.

To the extent that the claim can be understood to assert a contention of ineffective assistance of trial counsel for failure to preserve an objection[3] to the so-called CCP jury instruction, it fails for another reason. Petitioner's case was tried before the Supreme Court of Florida decided that its previously approved CCP jury instruction was invalid. See Jackson v. State, 648 So.2d 85 (Fla. 1994).

Correctly citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984) as the governing Supreme Court precedent relating to Sixth Amendment claims of ineffective assistance of counsel, the Florida Supreme Court held (877 So.2d at 712):

> At the time of Gamble's trial the CCP instruction that was given was a valid instruction. Therefore, even if defense counsel had made the proper objections, the trial court would have acted appropriately in overruling any objection. Defense counsel cannot be deemed ineffective for failing to object to a standard jury instruction that had not been invalidated at the time of the defendant's sentencing. See Thompson v. State, 759 So.2d 650, 665 (Fla. 2000) ('[T]rial

---

[3] Trial counsel had challenged the CCP aggravator in pretrial motions but did not reassert (and preserve) the issue during settlement of the jury instructions at the end of the trial.

7

>
> counsel's failure to object to standard jury instructions that have not been invalidated by this Court does not render counsel's performance deficient.'); see also Downs v. State, 740 So.2d 506, 517 (Fla. 1999).

This disposition was completely in accord with the law of this circuit (Sullivan v. Wainwright, 695 F.2d 1306, 1309 (11th Cir. 1983); Funchess v. Wainwright, 772 F.2d 683, 690 (11th Cir. 1985); Pitts v. Cook, 923 F.2d 1568, 1574 (11th Cir. 1991)) and there has been no demonstration that the Florida Supreme Court decision was "contrary to, or involved an unreasonable application of, clearly established federal law . . . " 28 USC § 2254(d).  Claim Five has no merit.

## CLAIMS SIX AND SEVEN

> THE EVIDENTIARY COURT ERRED IN DENYING RELIEF ON THE NIXON/CRONIC CLAIM OF THE RULE 3.850 MOTION REGARDING TRIAL COUNSEL'S OPENING STATEMENT.
>
> THE EVIDENTIARY COURT ERRED IN DENYING RELIEF ON THE NIXON/CRONIC CLAIM OF THE RULE 3.850 MOTION REGARDING TRIAL COUNSEL'S CLOSING ARGUMENT DURING THE PENALTY PHASE.

Legally, these claims are based upon the decision of the Supreme Court of Florida in Nixon v. Singletary, 758 So.2d 618 (Fla. 2000), and the decision of the Supreme Court of the United States in United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039 (1984).[4]

---

[4] The factual basis of the claim is defense counsel's concession in his opening statement and in his argument to the jury that Gamble was "involved" in the crime.  His strategy was to argue for a lesser included offense (and/or a life sentence at the penalty phase) while attempting to persuade the jury that the co-offender Love was more culpable than Gamble.

8

In Cronic, decided the same day as Strickland v. Washington,[5] the Court noted that in some cases the Strickland test requiring proof of deficient representation with resulting prejudice need not be met - - that certain types of ineffective assistance raise a presumption of prejudice justifying habeas relief.

In Nixon, the Florida Supreme Court held that, absent the explicit consent of the defendant, prejudice would be presumed (per Cronic) where defense counsel conceded the defendant's guilt at trial hoping to gain credibility with the jury during the penalty phase.

The Supreme Court of the United States granted certiorari in Nixon and then rendered its decision after the petition was filed in this case. Florida v. Nixon, ___ U.S. ___, 125 S.Ct. 551 (2004). The high court reversed the Supreme Court of Florida and held that the circumstances of defense counsel's performance in Nixon should have been tested under Strickland, not the rule of presumptive prejudice established in Cronic.

It follows, therefore, that the more recent decision of the United States Supreme Court in Nixon is fatal to the Petitioner's Claims Six and Seven. Both the trial court (after an evidentiary hearing) and the Supreme Court of Florida found that the Petitioner had consented to counsel's strategy and that such strategy was not unreasonable under Strickland. See Gamble v. State, supra, 877 So.2d at 713-716. There is no demonstration that this decision was "contrary to, or involved an

---

[5] 466 U.S. 668, 104 S.Ct. 2052 (1984).

unreasonable application of, clearly established federal law. . . " 28 USC § 2254(d).

Claims Six and Seven have no merit.

## CLAIM EIGHT

> THE EVIDENTIARY COURT ERRED IN DENYING RELIEF ON THE CLAIM OF THE RULE 3.850 MOTION REGARDING TRIAL COUNSEL'S INEFFECTIVENESS DUE TO INEXPERIENCE AND INADEQUATE PREPARATION FOR TRIAL.

The Supreme Court of Florida considered and rejected this claim.

> Finally, Gamble argues that trial counsel was deficient under Strickland because counsel was inexperienced, overburdened, and had inadequate time to prepare his case. Gamble argues that because of these issues, counsel conceded guilt to felony murder and conceded the pecuniary gain aggravator. Gamble argues further that although trial counsel testified that he regularly consulted with the chief assistant public defender on this case, the chief testified in a pretrial hearing that he only had a limited involvement with this case.
>
> Ineffectiveness under Strickland requires more than just a showing that trial counsel was inexperienced or overworked. Gamble must demonstrate with specificity 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Even if a defendant meets that threshold, he or she must also prove that such an error prejudiced the defense. Id.
>
> Gamble claims that trial counsel conceded guilt and conceded an aggravating circumstance, and these concessions amount to ineffectiveness under Strickland. As discussed above, the concessions do not meet the test for ineffective assistance of counsel. In Gamble's other allegation of ineffective assistance, that trial counsel exaggerated about the chief assistant's involvement, he attacks trial counsel's credibility. Even assuming Gamble's claim is true, he does not demonstrate how this rendered

10

> trial counsel's performance deficient or how it caused prejudice.
>
> The general accusation that trial counsel was inexperienced and overburdened likewise does not demonstrate deficient performance.  On this issue, the trial court found that defense counsel had eight years of experience before he began working as a public defender and had done a substantial amount of criminal defense work before representing Gamble.  The trial court also found that defense counsel's experience in trying other serious felonies adequately prepared him to hold the position of lead counsel in this trial.  The trial court recounted all that trial counsel did in preparation for Gamble's trial, including counsel's travels to other states to interview witnesses, and consultations with other 'veteran and highly experienced attorneys in the Public Defender's Office.'
>
> In addition, trial counsel testified at the evidentiary hearing that there were many attorneys in his office at the time with whom he could discuss ideas and strategy, and that he received advice on his strategy in this case.  Thus, the record supports the trial court's finding that trial counsel utilized the advice of more experienced counsel in formulating his theory of defense.  The mere fact that trial counsel was not as experienced as other attorneys does not establish ineffectiveness.

Gamble v. State, supra, 877 So.2d at 716-717.

The Petitioner does not demonstrate in any way that the Florida court's resolution of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law. . . "  28 USC § 2254(d).  Claim Eight has no merit.

### CLAIM NINE

> THE TRIAL COURT IMPOSED THE DEATH PENALTY UPON AN ERRONEOUS FINDING THAT THE MURDER WAS COMMITTED IN A COLD, CALCULATED AND PREMEDITATED MANNER.

11

The Supreme Court of Florida thoroughly considered and convincingly rejected this claim in a reasonable manner on the Petitioner's direct appeal. Gamble v. State, supra, 659 So.2d at 244-245. The Petitioner's petition and his supporting brief fail to cite any decision of the Supreme Court of the United States (or, for that matter, any decision of a federal Court of Appeals) to be compared to the Florida court's resolution of the issue under 28 USC § 2254(d). There is, in short, no showing that the Florida court's resolution of the claim was contrary to or involved an unreasonable application of any Supreme Court or other federal decision. Claim Nine has no merit.

## CLAIM TEN

> THE PETITIONER'S DEATH SENTENCE IS DISPROPORTIONATE, EXCESSIVE, INAPPROPRIATE, AND IS CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT.

The Supreme Court of Florida reasonably resolved this issue on Petitioner's direct appeal.

> Gamble asserts that his sentence of death is disproportionate since his murdering of Kuehl is not the most aggravated and unmitigated of crimes. We find this assertion meritless. In Dougan v. State, 595 So.2d 1, 4 (Fla.), cert. denied, 506 U.S, 942, 113 S.Ct. 383, 121 L.Ed.2d 293 (1992) we stated that:
>
>> Under subsection 921.141(2) death may be the appropriate recommendation if, and only if, at least one statutory aggravating factor is established. After an aggravator has been established, any mitigating circumstances established by the evidence must be weighed against the aggravator(s). Florida's death penalty statute, and the instructions and recommendation forms based on it, set out a

> clear and objective standard for channeling the jury's discretion.
>
> The trial court found two aggravating factors (cold, calculated, and premeditated and pecuniary gain), one statutory mitigating factor (age), and several non-statutory mitigating factors, most of which were give little weight. One of the non-statutory mitigating factors given 'some' weight was Love's sentence of life. Gamble asserts that his jury would have also recommended a life sentence if it had been informed of Love's sentence. Gamble proffers that this factor singlehandedly requires a sentence reduction. We disagree. Love's sentence was based on a guilty plea entered after Gamble's penalty phase proceedings. Clearly the Gamble trial judge was not required to postpone Gamble's sentencing and await Love's plea and sentence. We refuse to speculate as to what may have occurred had the Gamble jury been made aware of the posture of Love's case. We find no error relative to the issue. We have also reviewed the sentencing order and find that the trial court properly considered and weighed the aggravating and mitigating factors. See Ferrell v. State, 653 So.2d 367 (Fla. 1995). We find Gamble's sentence of death proportionate in light of our previous opinions, our review of the sentencing order, and the instant facts.

Gamble v. State, supra, 659 So.2d at 245.

Here again, the Petitioner fails to cite any Supreme Court or other federal precedent that was unreasonably applied or is contrary to the Florida Supreme Court's disposition of this claim. And, as the State points out, a proportionality review is not constitutionally required. Pulley v. Harris, 465 U.S. 37, 104 S.Ct. 871 (1984); Lindsey v. Smith, 820 F.2d 1137 (11th Cir. 1987); Booker v. Wainwright, 764 F.2d 1371 (11th Cir. 1985). Claim Ten has no merit.

**CLAIM ELEVEN**

13

> THE TRIAL COURT ERRED IN DENYING THE PETITIONER'S SPECIAL REQUESTED JURY INSTRUCTIONS IN THE PENALTY PHASE.

The Petition (at p. 40) and the Petitioner's supplemental brief (at p. 59) recites that the Petitioner requested "numerous special jury instructions," and asserts that "the standard jury instructions did not cover most of the specially requested 34 instructions." (Petitioner's supplemental brief at p. 60).  More specifically, however, the Petitioner's direct appeal and his present petition in this Court focused upon five requested jury instructions submitted during the penalty phase of the trial.

The requested instructions at issue are:  Penalty Instruction No. 9 (R. 410) dealing with proof of aggravating circumstances; Penalty Instruction No. 11B (R. 411) elaborating mitigating circumstances; Penalty Instruction No. 14 also dealing with mitigating circumstances; an unnumbered request (R. 415) dealing with nonstatutory mitigation; and another unnumbered request (R. 461) dealing with mental impairment.

The Supreme Court of Florida disposed of the Petitioner's argument about these instructions saying:

> Gamble's third issue asserts that the standard jury instructions fail to:  (1) inform the jury that even if an aggravating circumstance is proven beyond a reasonable doubt, they may still recommend life imprisonment; (2) adequately define mitigating circumstances; and (3) inform the jury that it could find mental impairment even if it failed to conclude that such impairment was extreme. This Court has repeatedly upheld the validity of the standard jury instructions. See Walls v. State, 641 So.2d 381, 389 (Fla. 1994), cert. denied, 513 U.S. 1130, 115 S.Ct. 943, 130 L.Ed.2d 887 (1995); Robinson v. State, 574 So.2d 108, 111 (Fla), cert. denied 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 99 (1991); Lara v. State, 464 So.2d 1173, 1179 (Fla. 1985). Accordingly, we find no error in the trial court's denial of Gamble's requested instructions.

Gamble v. State, supra, 659 So.2d at 246.

A comparison of the requested instructions with the Florida standard jury instructions as given to the jury reveals that the Supreme Court of Florida was correct. The subject matter of each of the requested instructions is either adequately covered by the standard instructions or contain confusing if not erroneous statements of the law.[6]

More importantly, there is no discussion in any of the Petitioner's papers concerning the manner in which the denial of the special requested jury instructions was contrary to, or constituted an unreasonable application of, any controlling decision of the Supreme Court of the United States. 28 USC § 2254(d). Claim Eleven has no merit.

## **CLAIM TWELVE**

SECTION 921.141, FLORIDA STATUTES, IS UNCONSTITUTIONAL.

In support of this claim the Petitioner advances a spate of arguments concerning the constitutionality of the Florida death penalty statute, all of which have been considered and rejected in a steady stream of decisions since Proffitt v Florida, 428 U.S. 242, 96 S.Ct. 2960 (1976). See, e.g., Spinkellink v. Wainwright, 578 F.2d

---

[6] For example, the first sentence of requested Penalty Instruction No. 9 reads: "Proof of any aggravating circumstance beyond a reasonable doubt does not by itself authorize a death penalty recommendation, even in the absence of mitigating evidence." This is simply wrong. Or, the last three sentences of requested Penalty Instruction No. 11B read: "You must consider all evidence of mitigation. The weight which you give to a particular mitigating circumstance is a matter for your moral, factual, and legal judgment. However, you may not refuse to consider any evidence of mitigation and thereby give it no weight." This seems to say that the jury must accept and give some weight to any item of purported mitigation even if it is preposterous and incredible. This is not the law.

582 (5th Cir. 1978); <u>Spaziano v. Florida</u>, 468 U.S. 447, 104 S.Ct. 3154 (1984); <u>Hildwin v. Florida</u>, 490 U.S. 638, 109 S.Ct. 2005 (1989).

The Supreme Court of Florida denied this claim on those grounds at the time of his direct appeal (<u>Gamble v. State</u>, <u>supra</u>, 659 So.2d at 246) and there is nothing in his present papers demonstrating that such result is contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.  28 USC § 2254(d).  Claim Twelve is without merit.

## **Conclusion**

The Petitioner's motion or petition brought under 28 USC § 2254 is without merit.  The Clerk is directed to enter judgment denying it with prejudice.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this 5th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy